

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 9 2012

**CLERK, U.S. DISTRICT COURT**
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH WAYNE DOUGLAS,          §
                                §
                Petitioner,     §
                                §
v.                              §        No. 4:12-CV-528-A
                                §
RICK THALER, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
                Respondent.     §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kenneth Wayne Douglas, a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Childress, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent.  After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I.  Factual and Procedural History

On November 30, 2006, petitioner entered a negotiated guilty plea to sexual assault in Case No. 1024555 and a plea in bar to

assault with bodily injury to a family member in Case No. 1024967 in the Criminal District Court Number Three of Tarrant County, Texas.  (Clerk's R. at 20, 27)  Pursuant to the plea agreement, the trial court placed petitioner on ten years' deferred adjudication community supervision and assessed a $1000 fine and court costs.  (*Id.* at 20, 32) Petitioner was also advised of the conditions of his community supervision, to which he agreed in writing.  (Clerk's R. at 37-38; RR, vol. 2, at 15)

Relevant to this case, petitioner was advised and agreed to the following:

Conditions-

(2)  Avoid injurious or vicious habits and abstain from the . . . consumption of any alcoholic beverage.

Supplemental conditions-

(6)  No harmful or injurious contact with R.D. [his wife and the complainant] in any manner.

(7)  Do not go on the premises of or patronize any sexually oriented establishments.  Do not purchase, own, view, or possess sexually explicit materials.

(12) Do not purchase, possess, access, or view sexually explicit visual or audio material on any medium, install and activate, at your own cost, software capable of blocking access to sexually explicit material on any personal computer in your residence.  Permit access by the supervision officer at any time to any personal computer in your residence to monitor compliance with the

2

above.

(13) Defendant is not to possess, own, distribute,
     purchase or view any book, publication or image in
     any form that depicts or displays nudity of adults
     or children including images which display
     uncovered breasts, buttocks or genitals.

(14) Defendant shall not possess, own or distribute,
     purchase or view any book, publication or image in any
     form that depicts or displays simulated sexual acts.

(*Id.* at 34, 37-38)

On March 24, 2009, the state filed a petition to proceed to
revoke petitioner's community supervision and proceed to final
adjudication of guilt, alleging petitioner violated condition (2)
on or about August 30, 2008; violated supplemental condition (6)
on November 30, 2008; violated supplemental condition (7) on
March 9, 2009, and in June 2008; violated supplemental condition
(12) on March 9, 2009, and in June 2008 and January 2009;
violated supplemental condition (13) on March 9, 2009, and in
June 2008 and January 2009; and, violated supplemental condition
(14) on March 9, 2009, and in June 2008.  (*Id.* at 43-46)

On December 14, 2009, a revocation hearing was held, and
petitioner pleaded "not true" to the allegations.  (RR, vol. 2,
at 8-12)  The state called petitioner's probation officer,
Queinton Waldon, who testified that in 2007 pornographic images
were found on petitioner's laptop computer.  (*Id.* at 44)  He

3

testified that he advised petitioner that this was a violation of
his community supervision, that he would be held responsible for
any pornographic images found on the computer in the future
regardless of how they got there, and that a motion to proceed to
adjudication would be filed in that event.  (*Id.*)   In 2009 more
pornographic images were found on petitioner's laptop.  (*Id.* at
23-26)   Petitioner voluntarily reported some access to
pornography on both his laptop and desktop computers, but stated
his stepson was the person who accessed it.   Petitioner also
voluntarily reported he was on a CNN website encouraging readers
to go to another website, which he opened and saw a thumbnail of
a woman performing oral sex on another woman, reported he saw a
picture of a female breast on Wikipedia when he looked up the
word "areola," and reported he looked at medical pictures of
rosacea on a female's naked buttocks and a female's vagina
infected with herpes.  (RR, vol. 2, at 22-23) Finally, petitioner
voluntarily reported an incident where he acted "aggressively"
toward his wife and an incident where he "got a mouthful" of an
alcoholic beverage but spit it out.  (*Id.* at 17-19, 25-26)

    The state also called former computer forensics
investigator, Officer R.L. Blodgett, who testified that
petitioner's laptop computer contained more than 200 temporary

internet files containing thumbnail pictures of nude adults that were viewed on seven occasions, a movie featuring nude adults performing sexual acts that was last accessed on the computer on May 5, 2008, and deleted pornographic images.   (RR, vol. 2, at 57-63)

The parties stipulated to the admission of two polygraph reports indicating that petitioner answered truthfully that he had no alcohol since January 2008, that he had not physically assaulted R.D since January 2008, and/or that he did not seek out or go to any pornographic sites to view pornography during the relevant period, other than what he reported to his probation officer.   (RR, vol. 4, State's Exs. 1, 2)   Also in his defense, petitioner called his wife to testify and produced the affidavit of his stepson admitting that he, and not petitioner, downloaded and accessed the pornography on the computer.   (RR, vol. 4, State's Exs. 1, 2 & Defendant's Ex. 1)

Based on the evidence the trial court found petitioner violated supplemental conditions (7) and (12) through (14), as alleged, adjudicated petitioner guilty of sexual assault, and ordered preparation of a presentence investigation report.   (RR, vol. 2, at 94-96)

On March 31, 2010, a sentencing hearing was held.   As an

5

initial matter, petitioner moved the trial court to rescind the revocation of his community supervision because his possession of the prohibited images was inadvertent or without his knowledge. (RR, vol. 3, at 5-9)   The trial court denied the motion. Thereafter, petitioner called character witnesses and testified on his own behalf in mitigation.

Petitioner, who was 46 years old at the time of the hearing, admitted during cross-examination to fantasizing about minors, including his stepdaughter, in the past, having sex with a 13 year old when he was 21, having sex with a 17 year old when he was 25, grooming children and engaging in sexual behavior with minor children, masturbating in public on one occasion, making sexually obscene phone calls, downloading pornography over 10,000 times, assaulting his wife on two occasions, sexually assaulting his wife on one occasion, which included ejaculating on her face, committing assault to commit rape, raping five other women in his twenties, and engaging in bestiality when he was 13 and other sexually deviant behavior since he was 12.   (*Id.* at 90-107)   At the conclusion of the hearing, the trial court entered a judgment adjudicating guilt and assessed petitioner's punishment at eighteen years' confinement.   (RR, vol. 3, at 114; Clerk R. at 78)

Petitioner appealed the judgment adjudicating guilt, but the Second Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals denied petitioner's petition for discretionary review. *Douglas v. State*, No. 02-10-00173-CR, slip op., 2011 WL 754392 (Tex. App.-Fort Worth Mar. 3, 2011); *Douglas v. State*, PDR No. 0528-11. Petitioner also challenged the revocation in two state habeas applications, which were denied by the Texas Court of Criminal Appeals without written order.  (01State Habeas R. at cover; 02State Habeas R. at cover[1])  This federal petition for habeas relief followed.

## II.  Issues

Petitioner raises four grounds for habeas relief:  (1) his finding of guilt was due to unconstitutional conditions of his probation; (2) he lacked scienter and voluntariness to violate his conditions of probation; (3) his probationary confessions were obtained involuntarily and no hearing on voluntariness was conducted; and (4) he was not informed of his right to remain silent or his right to counsel prior to questioning by his

---

[1]"01State Habeas R." and "02State Habeas R." refer to the court record in petitioner's state habeas application nos. WR-77,068-01 and WR-77,068-02, respectively.

probation officers.   (Pet. at 6-7; Pet'r Mem. at 3, 5-6)

### III.   Rule 5 Statement

Respondent believes petitioner has sufficiently exhausted his state court remedies as to the claims raised as required by 28 U.S.C. § 2254(b) and (c).   (Resp't Ans. at 4)   Respondent does not assert the petition is barred by the statute of limitations or subject to the successive-petition bar.

### IV.   Discussion

#### A.   *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.   28 U.S.C. § 2254(d).   A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state

8

court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is

typically a denial on the merits.[2]  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition.  *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[3]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

**B.  *First Amendment***

Petitioner claims that insofar as the state punished him for mere possession of *adult* pornography in his private residence, it violated his First Amendment rights.  (Pet. at 7; Pet'r Mem. at 6-8) He also claims "the state violated his First Amendment

---

[2]It is unclear whether petitioner's claims were adjudicated on the merits by the Texas Court of Criminal Appeals because the state habeas court recommended the claims raised in petitioner's second habeas application, and in this federal petition, be denied because they were not raised on direct appeal, and the Texas Court of Criminal Appeals denied relief without a hearing or written order.  Respondent does not assert the defense.  Thus, for purposes of this opinion, the court assumes the Texas Court of Criminal Appeals's decision was on the merits.

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).  *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

rights by criminally convicting him without proof of his scienter"-*i.e.,* that he intentionally violated the conditions. Petitioner urges that he was unaware of the presence of pornography on the computer and/or inadvertently accessed it, that he installed "Net Nanny" to block "surreptitious Internet access of pornography" on both household computers as directed, and that he passed two polygraph tests and was found truthful when he stated he had not sought out any sexually explicit sites. He also points out that his stepson verbally admitted to the probation officer that he, and not petitioner, accessed the pornography on petitioner's computer, and signed an affidavit to the same effect, and Blodgett testified that he believed the primary user of the laptop was a juvenile. (Pet'r Mem. at 8-13)

A community supervision condition is not necessarily invalid simply because it affects a defendant's ability to exercise constitutionally protected rights. *United States v. Tonry*, 605 F.2d 144, 150 (5th Cir. 1979). Although First Amendment protections of freedom of expression apply to probationers, restrictions may be justified by government interests, such as advancing the probationer's rehabilitation and protecting the public from recidivism. *United States v. Locke*, 482 F.3d 764, 768 (5th Cir. 2007). "Just as other punishments for criminal

11

convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *United States v. Knights,* 534 U.S. 112, 119 (2001).  In cases where a legitimate government interest justifies limitation of a probationer's First Amendment freedom, such limitations should be specifically set out in the terms and conditions of probation so that the probationer is on notice of what is proscribed.

Petitioner was advised of, and agreed in writing to, the conditions that he not view or possess sexually explicit materials, view or possess sexually explicit visual or audio material on any medium, possess or view any book, publication or image in any form of adult nudity, and possess or view any book, publication or image in any form depicting or displaying simulated sexual acts.  Thus, petitioner was on notice of the proscribed behavior.  Furthermore, the conditions are reasonably related with petitioner's offense conduct, the need to protect the public, and petitioner's need for rehabilitation.  Thus, the conditions do not violate petitioner's rights under the First Amendment.

Nor does revocation of community supervision require proof sufficient to sustain a criminal conviction.  *Pickens v. State of*

*Tex.*, 497 F.2d 981, 982 (5th Cir. 1974). To warrant revocation, the state need only establish by a preponderance of the evidence that a probationer violated the terms of his probation-*i.e.*, his conduct has not been as good as required by the conditions of probation. *Knight v. Estelle*, 501 F.2d 963, 965 (5th Cir. 1974); *Williams v. Dretke*, Civil Action No. H-05-1735, 2006 WL 492404, at *11 (S.D.Tex. Feb. 28, 2006). The conditions themselves contain no scienter requirement, thus nothing in the conditions can be read as requiring a special mental state before they are breached. Moreover, pornography was found on petitioner's computer in 2007 and again in 2009. Where probation's purposes have been frustrated, revocation is fair and appropriate even if the probationer did not willfully violate his probation conditions. *Bearden v. Georgia*, 461 U.S. 660, 668 n.9 (1983).

### C. *Fifth and Sixth Amendments*

Petitioner claims he was not informed of his right to remain silent or his right to have a lawyer present during questioning by his probation officers, rendering his confessions involuntary, and the trial court failed to hold a hearing on the voluntariness of his statements. (Pet. at 7) Petitioner asserts he was "routinely interrogated by his probation officers to divulge whatever information they deemed pertinent to [his] conditions of

13

probation, including information that could be self-incriminating in nature." (Pet'r Mem. at 14, 16-22)

Any statement given freely and voluntarily without any compelling influences is admissible in evidence. *Miranda v. Arizona,* 384 U.S. 436, 478 (1966). Where a probationer is interviewed by his probation officer in a non-custodial setting, and he is free to leave at the end of the meeting, the interview is not "inherently compelling," and *Miranda* warnings are not required. *Minnesota v. Murphy*, 465 U.S. 420, 430 & n.5 (1984). Questions that are relevant to a probationer's probationary status and pose no threat of incrimination in a separate criminal proceeding do not violate the Fifth Amendment privilege against self-incrimination. *Id.* at 435 & n.7. Revocation proceedings are not criminal in nature and a probationer's answers can therefore be used without implicating the privilege. *Id.* Additionally, if a defendant desires the protection of the privilege, he must claim it or his statements will not be considered "compelled" within the meaning of the Fifth Amendment. *Id.* at 436, 439-40.

Petitioner did not invoke the right, there is no evidence of coercion, and the questions petitioner complains of were attempts

14

to ascertain whether he had violated conditions of his community supervision, not for the purpose of incriminating him in a pending or later criminal prosecution. (Pet'r Mem. at 15) *Id.* at 435. It is unlikely that the violations at issue here would be criminal acts. A probationer may only invoke the Fifth Amendment privilege if a truthful answer would incriminate the probationer by exposing him to prosecution for a different crime. *Id.* at 435-36 n.7.

Finally, the Sixth Amendment right to counsel is inapplicable to routine questioning of a probationer by a probation officer. Petitioner was not "in custody" for purposes of *Miranda* protection where he was not under formal arrest or restraint when questioned by his probation officers. *Id.* at 424 n.3. Thus, he had no Sixth Amendment right to counsel during the probation officers' questioning. The nature of probation is such that petitioner should expect to be questioned on a wide range of topics, including whether he had violated any condition of his community supervision. *Id.* at 432.

Petitioner has failed to show the state courts denial of his claims is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that is based on an unreasonable

determination of the facts in light of the evidence presented in the state courts.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED December ___19___, 2012.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

16